IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT LEE BROTHERS, #235033,   )
   )
        Plaintiff,   )
   )
      v.   )   CIV. ACTION NO. 2:06cv168-MHT
   )   (WO)
PRISON HEALTH SERVICES, *et al.*,   )
   )
        Defendants.   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Robert Lee Brothers ("Brothers"), a state prisoner, claims his civil rights were violated during his imprisonment in the Bullock County Correctional Facility.  He names as defendants Prison Health Services, Dr. Tahir Siddiq, Nurse Dale Robinson and Warden Arnold Holt.  Brothers contends that the defendants acted with deliberate indifference to his health because the healthcare officials refused to refer him to a free-world specialist for treatment for his back condition.  Brothers further contends that Warden Holt violated his civil rights because two correctional officers impeded Brothers' access to medical care.

The defendants filed written reports and supporting evidentiary materials addressing Brothers' claims for relief.  (Docs. # 33, 41).  The court deems it appropriate to treat these responsive pleadings as motions for summary judgment.  Upon consideration of the motions, the evidentiary materials filed in support thereof, and the responses in opposition filed by

Brothers, the court concludes that the defendants' motions for summary judgment should be granted.

## II.  THE SUMMARY JUDGMENT STANDARD

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence supporting his constitutional claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324.  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).  Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact.  *Brown*

*v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

### A.  Medical Defendants

Brothers asserts that the medical defendants acted with deliberate indifference to his health by failing to refer him to a free-world medical specialist, preferably an orthopaedic surgeon or a neurosurgeon. for treatment for his chronic back condition. The defendants deny they acted with deliberate indifference to Brothers' medical condition and assert that Brothers was provided appropriate medical treatment during his incarceration in the Bullock County Correctional Facility.  Dr. Siddiq denies that he failed to provide Brothers with adequate medical treatment for a serious medical condition.  Nurse Robinson denies that she told Brothers that she would insure that he got an appointment with a free-world specialist.

In 1993, when he was not incarcerated, Brothers had back surgery.  In August 2004 after he was incarcerated, he was transferred from the Hamilton Aged and Infirmed facility to Bullock County Correctional Facility.  Upon his arrival at Bullock, Brothers informed the medical defendants that he suffers from a herniated disk.  A 2002 MRI revealed a "small element of disc protrusion to the left at L5-S1."  (Doc. # 33-4 at 12).

While at Bullock County Correctional Facility, Brothers received extensive medical treatment for his chronic back pain.  Throughout his imprisonment, Brothers has been

routinely given profiles and medication for his back problems.  In August 2004, Brothers was given a medical profile for a bottom bunk for six months, and in September 2004, he was given a medical profile for a walking cane.  On October 26, 2004, Brothers complained that when he leaned over his property box, he felt his back pop.  An examination revealed "no muscle tenderness palpated [and] no muscle spasms noted."  He was prescribed Advil and given a medical profile to "lay in" for 10 days.

In March 2005, Brothers was given a six-month  medical profile that (1) allowed him to stay inside, (2) provided him a bottom bunk, (3) and prohibited him from prolonged standing.  Since April 2005, Brothers has a medical profile that allows him to "lay in" because of his chronic back pain.  He has also been prescribed a bottom bunk, a new mattress and a double mattress.  He has consistently been prescribed Ultram, Percogesic, Advil and Ibuprofen for his back pain.

On May 18, 2005, Dr. Siddiq referred Brothers to Dr. Payne for X-rays of the lumbar spine which showed the vertebrae were "well aligned and show[ed] no evidence of any fracture or any destructive bone disease."  (Doc. # 33-4 at 24).  Dr. Payne concluded that Brothers' lumbar spinal x-ray was normal.  *(Id.)*

In July 2005, Prison Health Services requested Brothers' medical records from Huntsville Hospital.  A 2002 MRI of Brothers' lumbar spine revealed the following.

FINDINGS: The alignment of the vertebral bodies in the sagittal plane is satisfactory.  The intervertebral disc space height is well maintained.  The L5-S1 level shows disc desiccation.  Disc signal at the remaining levels is satisfactory.  Signal within the verterbral bodies is normal.  The sacrum is

4

unremarkable.  Abnormal signal extends to the left of the midline at L5-S1. On the contrasted images, there appears to be enhancement in that area consistent with epidural fibrosis.  A small element of protrusion of disc to the left does appear to be present as well.  No spinal stenosis or foraminal stenosis is seen.

** IMPRESSION**
Post operative changes on the left.  A small element of disc protrusion to the left at L5-S1 appears to be present.

(Doc. # 33-4 at 12).  An x-ray was unremarkable.  (*Id*. at 14).

To prevail on a claim concerning an alleged denial of medical treatment violative of the Constitution, an inmate must, at a minimum, show that those responsible for providing such treatment acted with deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986).

In articulating the scope of inmates' right to be free from deliberate indifference, . . . the Supreme Court . . . emphasized that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.  Medical treatment violates the eighth amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of . . . malpractice do not rise to the level of constitutional violations.  *See Estelle*, 429 U.S. at 106, 97 S.Ct. at 292 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice not sufficient" to constitute deliberate indifference); *Waldrop*, 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference).  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual

5

punishment.  *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)).

*Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference).  Thus, a medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825 (1994).

The undisputed medical records indicate that Brothers was treated by Dr. Siddiq for his chronic back pain.  The records also demonstrate that Brothers was prescribed non-narcotic pain relievers and given written profiles in response to his complaints of back pain. It is therefore clear that the medical treatment provided to Brothers by the defendants was neither grossly incompetent nor inadequate.  Although Brothers maintains that he should have been referred to a specialist, the mere fact that he desired a different mode of medical treatment does not amount to deliberate indifference.  *Harris*, 941 F.2d at 1505.  Brothers presents no significantly probative evidence which demonstrates that the defendants in any way disregarded a substantial risk to his health.

Brothers has failed to present any medical evidence establishing that he suffered any detrimental effect as a result of the defendants' actions or that the defendants in any way disregarded a substantial risk to his health by delaying medical treatment.  *See generally*

*Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003).  It is absolutely undisputed that Brothers was not denied treatment.  At best, the plaintiff offers the court nothing more than his own unsubstantiated opinions about the quality of the medical care which he received.  His opinions are insufficient to create a genuine issue, and his failure to support his claim with medical or scientific evidence is fatal to it.[1]  It is clear that the plaintiff's disagreement is with the efficacy of his treatment.  Brothers' desire for different or additional treatment does not establish a constitutional violation.  *Hamm, supra.*

Even if the court were to assume that the defendants were negligent in the manner in which they handled Brothers' complaints, mere negligence in providing medical care is insufficient to violate the Constitution.  *Estelle, supra.*  In the final analysis, the plaintiff has failed to come forward with any evidence that the defendants knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  *Farmer, supra.*  It is undisputed that the plaintiff received medical treatment for his complaints and that he was provided access to medical care.

The plaintiff has not shown by medical evidence consistent with FED. R. CIV. P. 56(e) that the treatment he received for his back pain was so deficient as to amount to deliberate indifference in  violation of the Eighth Amendment.  *See Brown, supra.*  Consequently, Brothers has failed to establish a genuine issue about deliberate indifference on the part of

---

[1] Because Brothers was not entitled to a consultation with a free-world specialist, he is entitled to no relief on his claim against Nurse Robinson that she promised him such a consultation.

the defendants. *Id.,* at 670. Summary judgment is therefore due to be granted in their favor on this claim. *Celotex,* 477 U.S. at 322-23.

### B. Warden Holt

The only allegation Brothers makes against Warden Holt is that the Warden "knew or should have known officers Jackson and Blue did willfully interfere with prisoners' ability to reach PHC doctors." Specifically, Brothers contends that "officer Blue did have Sgt. McCraney go into the infirmary and confront Dr. Seddiq (sic) and have him "change" his medical opinion of how the plaintiff should be treated." (Doc. # 13).

In response to the Warden's motion for summary judgment, Brothers asserts that two medical profiles issued the same day demonstrates that "officer Blue had Sgt. McRanney to have a medical Dr., Dr. Siddiq, change his opinion of the method of treatment of a patient." (Doc. # 43). The obvious difficulty with this assertion is that Brothers doesn't say how he knows what the officers did, and this failure on his part means that the court cannot consider it in support of his opposition to the motion for summary judgment. *See* FED.R.CIV.P. 56(e)(1) (Requiring that an opposing affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated . . . ").

To prevail against a defendant, Brothers must show that the defendant was involved in acts or omissions that resulted in the constitutional deprivation. *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). The language of § 1983 plainly requires proof of an

affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 990 (11th Cir. 1995). Brothers has presented no evidence and makes no argument against the Warden that he either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights. *See Hill*, 40 F.3d at 1192. The law in this circuit is well settled. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). *See also Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006) *cert denied*, __ U.S. __, 2007 WL 1461087 (May 21, 2007). Thus, the Warden is liable only if he personally participated in the allegedly unconstitutional conduct or if there is "a causal connection between his actions ... and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360. *See also West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007). The plaintiff must present sufficient evidence of either (1) a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or ... facts [that] support an inference that the supervisor[s] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so;" or (2) "a history of widespread abuse [that] put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone*, 326 F.3d at 1360 (internal quotation marks and citations omitted) (second alteration in original). *See also Brown v. Crawford*, 906 F.2d 667,

671 (11th Cir. 1990).

The plaintiff presented no evidence from which a reasonable trier of fact could conclude that the Warden personally participated in the alleged constitutional violation, he instigated or adopted a policy that resulted in deliberate indifference to constitutional rights or that there were incidences of widespread abuse.  Judgment in favor of Warden Holt should be entered.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     The defendants' motion for summary judgment be GRANTED.  (Docs. # 33 & 41).

2.     This case be dismissed without prejudice.

3.     The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before March 5, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of February, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE